[No. 8207.　Department One.　November 24, 1909.]

HENRY SHERMAN, *Respondent*, v. EASTERN & WESTERN
LUMBER COMPANY, *Appellant*.[1]

APPEAL—DECISIONS REVIEWABLE—AMOUNT IN CONTROVERSY. An
appeal in an action to recover $30 damages, as the value of a steer
killed on an unfenced logging railroad, raising the question whether
the defendant was a railroad, within the act of 1903, does not in-
volve the "validity of a statute," within Const., art. 4, § 4, limiting
the jurisdiction of the supreme court to money demands exceeding
$200.

Appeal from a judgment of the superior court for Cow-
litz county, McCredie, J., entered April 22, 1909, upon an
agreed statement of facts, in an action in tort.　Appeal dis-
missed.

*S. B. Linthicum, H. E. McKenney,* and *Percy P. Brush,* for
appellant.

*B. L. Hubbell,* for respondent.

PER CURIAM.—Respondent recovered judgment against
appellant in the sum of $30, the stipulated value of a steer
and a heifer, killed by one of appellant's trains on its logging
road in Cowlitz county.　The theory of the appellant is that
it is not a railroad, within the meaning of the act of 1903,
requiring railroad companies to fence along the right of way,
and attempts to raise that question on its appeal to this
court.

The constitution, art. 4, § 4, excepts appellate jurisdic-
tion in this court in all civil actions for the recovery of money
only, when the original amount in controversy does not exceed
the sum of $200, "unless the action involves the legality of
a tax, impost, assessment, toll, municipal fine, or the valid-
ity of a statute."　The judgment demanded in the complaint
was $30.　The case falls clearly within the constitutional ex-

[1]Reported in 105 Pac. 166.

ception, and not being within any of the provisos, this court is without jurisdiction to hear the appeal, and the same is dismissed.